UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRETT W. LUTZ,

                      Plaintiff,

v.

                      9:20-CV-0240
                      (GTS/DJS)

M. FRANCISCO, Corr. Officer; and
M. COONEY, Corr. Officer,

                      Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

BRETT W. LUTZ, 17-B-0042
    Plaintiff, *Pro Se*
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

HON. LETITIA A. JAMES                      LAUREN ROSE EVERSLEY, ESQ.
Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Brett W. Lutz ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision or "DOCCS" ("Defendants"), are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion for summary judgment be granted and alternatively that Defendants' motion to dismiss for failure to state a claim be granted, and (2) Plaintiff's Objection to the

Report-Recommendation.   (Dkt. Nos. 31, 33.)   For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally in his Report-Recommendation, Magistrate Judge Stewart rendered the following two findings of fact and conclusions of law: (1) the Court should Defendants' motion for summary judgment on the ground Plaintiff has failed to exhaust his available administrative remedies with regard to his claims, because (although he filed two grievances regarding various of the claims in his Amended Complaint on November 24, 2017, which were consolidated that day) he failed to appeal the superintendent's denial of that grievance on January 12, 2018, and he has presented no admissible record evidence from which a rational fact finder could conclude that his failure to exhaust may be excused (e.g., due to the delay in the superintendent's response, his purported unawareness of the procedure of appealing from the failure to receive a timely response, or Defendants' threats of intimidation against Plaintiff); and (2) even if the Court does not grant Defendants' motion for summary judgment, it should grant their motion to dismiss Plaintiff's state law assault claims for failure to state a claim, because they are barred by New York Correction Law § 24 and in the alternative they are untimely.   (Dkt. No. 31, at Part II.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objection argues that the Court should not grant Defendants' motion for summary judgment, because the no-further-steps-available rationale used by the Second Circuit's decision in *Hayes v. Dahlkle*, 976 F.3d 259 (2d Cir. 2020), when addressing the failure of the Central Office Review Committee ("CORC") to decide an appeal

within the allotted 30-day period for doing so, also applies here. (Dkt. No. 33.) Specifically, Plaintiff argues, although the DOCCS grievance rules *permit* a grievant to appeal to CORC (by filing a Form 2133) when the superintendent fails to decide an appeal within the allotted 25-day period for doing so, those rules do not expressly *require* the grievant to do so in order for him to exhaust his administrative remedies. (*Id*.) As a result, there was no clear administrative remedy available to him. (*Id*.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C)).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in the portion of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation.   Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set

---

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

forth therein.   To those reasons, the Court adds the following three points.

First, even when construed with the utmost of special solicitude, Plaintiff's Objection does not challenge Magistrate Judge Stewart's recommendation that Plaintiff has presented no admissible record evidence from which a rational fact finder could conclude that his failure to exhaust may be excused by Defendants' threats of intimidation against Plaintiff.   (*See generally* Dkt. No. 33.)   As a result, that recommendation is reviewed for only clear error, which it easily survives.

Second, the same is true with regard to Magistrate Judge Stewart's recommendation that, in the alternative, the Court should grant Defendants' motion to dismiss Plaintiff's state law assault claims for failure to state a claim.   (*Id.*)

Third, Plaintiff's Objection inconsistently vacillates between arguing (1) that (as in the Second Circuit's decision in *Hayes*) the DOCCS grievance rules did not provide what further steps could be taken when a superintendent fails to decide an appeal within the allotted 25-day period, (2) that the rules did provide what further steps *might* have be taken, and (3) that the rules did not sufficiently provide that those steps *must* have been taken in order for exhaustion to occur (rendering the rules unclear).   In any event, each of these arguments is unavailing.

The current case is nothing like *Hayes*, which hinged on the failure of the DOCCS grievance rules to provide what further steps could be taken by a grievant when CORC fails to decide an appeal within the allotted 30-day period.   *See Hayes v. Dahlke*, 976 F.3d 259, 271 (2d Cir. 2020) (finding that "there simply were no further steps under the regulations that Hayes could have taken" when CORC failed to decide Hayes' appeal within the allotted 30-day period). Here, Plaintiff acknowledges that the DOCCS grievance rules did provide what further steps

6

could be taken when a superintendent fails to decide an appeal within the allotted 25-day period: the grievant could appeal to CORC by filing a Form 2133.  (*See, e.g.,* Dkt. No. 33, at ¶ 7 [Plf.'s Obj., acknowledging that the guidelines provide that, if the Superintendent fails to render a decision within the allotted 25 day time frame, the grievance "may" file a notice of decision to appeal to CORC, i.e., a Form 2133].)  As for Plaintiff's purported confusion between "may" and "must," the Court finds that confusion to be both disingenuous and unreasonable. A prisoner *may* or *may not* choose to exhaust his available administrative remedies. However, he *must* do so if he wishes to later turn the grieved-of matter into a federal case.

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 31) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

    **ORDERED** that Defendants' motion for summary judgment and in the alternative motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

    **ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 14) is **DISMISSED**.

    The Court finds that an appeal from this Decision and Order would not be taken in good faith.

Dated: March 9, 2021
      Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge